UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNIVERSITY OF WASHINGTON, a Washington State entity,<br><br>           Plaintiff,<br><br>     v.<br><br>ASHA SINGH, as Personal Representative of the Estate of NARENDRA P. SINGH, SUSAN ADLER as the Personal Representative of the Estate of DAVID ADLER, TALMADGE/FITZPATRICK PLLC, and  RIMA KAPITAN of KAPITAN LAW OFFICE, LTD.,<br><br>           Defendants. | CASE NO. 2:24-cv-00899-MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

## INTRODUCTION

This matter comes before the Court on Plaintiff University of Washington's Motion to Remand. (Dkt. No. 14.) Having reviewed the Motion, Defendant Talmadge/Fitzpatrick PLLC's Joinder (Dkt. No. 16), Defendant Asha Singh's Opposition (Dkt. No. 22.), the Replies (Dkt. Nos.

1  31, 33), and all supporting documents, the Court GRANTS Plaintiff's Motion and REMANDS
2  this action to King County Superior Court.

## BACKGROUND

4      This matter involves a 2018 state court lawsuit where Singh brought various state law
5  causes of action against UW related to the employment contract of—and benefits owed to—her
6  late husband (a former UW employee.) (See Declaration of Seth Berntsen (Dkt. No. 15) Ex. F.)
7  Over the course of litigation, several of Singh's former counsel filed attorneys' liens against her
8  potential recovery in the litigation. (See Dkt. No. 10, Exs. A–C.) These lienholders include
9  Singh's co-defendants in this matter: Susan Adler (whose husband, Attorney David Adler,
10 passed away in 2020 after representing Singh); Talmadge/Fitzpatrick, PLLC ("T/F"), and Rima
11 Kapitan. (Id.)

12     Singh eventually accepted UW's CR 68 Offer of Judgment on her sole remaining claim.
13 (Berntsen Decl. ¶ 10.) UW then filed this interpleader action in King County Superior Court on
14 April 29, 2024, "to ensure that the University would not be subject to double or multiple liability
15 and to provide a forum for the court to determine the respective rights and interests of the
16 interpleader defendants to the judgment funds." (Id. ¶ 11.) Singh was served with the summons
17 and complaint in the interpleader action on May 8, 2024. (Id. ¶ 18.) Singh agreed to offset the
18 judgment amount by $14,000.00 to satisfy an outstanding sanctions award owed to UW, who
19 promptly amended the interpleader to reflect the amended judgment of $106,000.00. (Berntsen
20 Decl. ¶ 12, Ex. G).

21     On June 10, 2024, UW moved the superior court to "discharge itself from liability for the
22 funds, enjoin the interpleader defendants from seeking the funds from [UW], and to dismiss
23 [itself] from the interpleader action." (Mot. at 3–4 accord Berntsen Decl. ¶ 14, Ex. H.) That
24

motion was noted for June 24, 2024. (Berntsen Decl. ¶ 14, Ex. H.) Singh opposed the motion; her co-defendants did not file a response. (Id. ¶ 15, Ex. I.)

On June 24, 2024—47 days after Singh was served with the interpleader summons and complaint—Singh removed UW's interpleader action to federal court. (Dkt. No. 1.) According to the notice, Singh's basis for removal was "pursuant to 28 U.S.C §§ 1332, 1441, and 1446." (Id.)

UW now timely seeks to remand the interpleader case back to King County Superior Court. (Dkt. No. 14.) Concurrently, Singh seeks to stay the interpleader action until the resolution of her appeal regarding attorney fees and costs in addition to the interpleader funds at issue here. (Dkt. No. 20.)

**ANALYSIS**

**A.     Motion to Remand**

UW argues that this matter should be remanded back to King County Superior Court because: (1) removal was untimely, (2) there exists no complete diversity between the parties, and (3) removal was improper under the "forum defendant rule." (Mot. at 2.) The Court agrees.

**1.     Legal Standard**

A defendant may remove an action filed in state court if the federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citing Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008)).

**2.      Removal was untimely**

UW argues that removal under 28 U.S.C. § 1446(b)(1) or (3) was improper because Singh should have been able to ascertain the stated, though incorrect, basis for her removal—diversity and adversity of the Parties—upon receiving a copy of UW's interpleader action. (Mot. at 4–7.) The Court agrees.

A removing defendant must file their notice of removal "within 30 days" after receiving a copy of the complaint "through service or otherwise . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Singh should have recognized that her case was (incorrectly) removable on diversity grounds when she first received the Complaint. First, Singh concedes the diversity point in her Opposition to UW's Motion. (See Opp. at 3 ("the citizenship of the parties was apparent in the interpleader complaint.").) Second, the Complaint explains that "the present controversy exists as to the respective interests and rights of the various Defendants to the $106,000 Judgment funds," which UW explicitly "disclaim[ed] any interest in," and even deposited into the court registry. (Compl. ¶¶ 24–26.) The Complaint also attached the attorney's liens filed by the co-Defendants against Singh's recovery in the matter. (Compl. Exs. A–C.) From the Complaint, Singh should have recognized a classic adversarial scenario: a tranche of money which four parties—including Singh—each claim as their own.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 4

1     Singh claims that the 30-day clock under 1446(b)(3) should have only started to run on
2 June 20, 2024, when UW filed its Reply in Support of the Motion for Discharge, because that is
3 when the "true adversity of interests among the claimants" became apparent. (Opp. at 3 (citing
4 Dkt. No. 10 Ex. 9).) Specifically, Singh alleges "the actual controversy c[a]me into focus," only
5 upon when her three co-defendants did not oppose UW's motion. (Opp. at 3.) But, as described
6 above, the Complaint made it clear that the co-Defendants, not UW, each had an adverse interest
7 to the funds. Nothing about UW's motion to discharge or co-Defendant's unresponsiveness
8 changes the adverse-Defendant scenario laid out in the Complaint, which explains that UW seeks
9 to both "establish[] the respective rights and interests of the Defendants to the $106,000
10 Judgment funds," and "discharge the University from any and all liability for any further
11 payment and for any fees or costs incurred by defendants or anyone else." (Compl. ¶ 27.)

12     Having concluded that Singh should have ascertained the diversity and adversity of the
13 Parties upon receiving the Complaint, the Court finds her removal to be untimely. Singh was
14 served with the Complaint on May 8, 2024. She removed the case 47 days later well beyond the
15 30-day deadline set by 28 U.S.C. § 1446(b). For this reason, the Court GRANTS UW's Motion
16 and REMANDS the case to King County Superior Court for further proceedings.

17     **3.    No complete diversity exists**

18     Second, UW argues that removal under 28 U.S.C. § 1332(a) was improper because the
19 Parties are not diverse. (Mot. at 7–8.) The Court agrees.

20     Removal under 28 U.S.C. § 1332(a) requires complete diversity of citizenship. However,
21 Plaintiff UW is considered an "arm of the state" and therefore has no citizenship for diversity
22 purposes. See Bd. of Regents of Univ. of Washington v. Emps. Ins. Co. of Wausau, No. 2:22-
23 CV-01538-RAJ, 2023 WL 4863167, at *2 (W.D. Wash. July 31, 2023) (collecting cases). As

24

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 5

pled, this case involves a non-citizen state suing citizens of Washington and Illinois. Therefore, the parties are not diverse as per the requirements of § 1332(a). Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1191 (9th Cir. 1970) ("a suit between a state and a citizen of another state is not a suit between citizens of different states, since a state is not a 'citizen'"); see also Bd. of Regents, 2023 WL 4863167, at *3 (granting remand after finding "that the University is an 'arm of the state' for purposes of diversity jurisdiction) (citing Dep't of Fair Emp. And Hous. v. Lucent Tech., 642 F.3d 728, 737 (9th Cir. 2011)).

Singh argues that if the parties are realigned to reflect their true interests, i.e., Singh v. UW and the remaining co-Defendants, then diversity does exist under § 1332(a). Specifically, Singh claims that at the time of his death, her husband was not a Washington citizen, but rather a citizen of India. (Resp. at 6–7.) As Singh would conclude, the estate is therefore considered a citizen of India as well, and diversity is present. See 28 U.S.C. § 1332(c)(2). But this is incorrect.

The record reflects that Dr. Singh remained a Washington citizen at the time of his death. "[A] person's old domicile is not lost until a new one is acquired. A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986). Before being transported to India, Dr. Singh had established a domicile in Washington State and had worked UW for nearly two decades, employment which served as the underlying basis of the state law claims. While he was in India, he remained on medical leave and would have returned to "resume his duties" should he recover. (See Declaration of Hathaway Burden, Exs. A–B.) On the record, neither Dr. Singh nor his representatives had the required intention to remain in India indefinitely necessary to allow them to claim India as their domiciliary. Nor does Dr. Singh's passport showing re-entry into India reflect his intention to remain there after his conveilecense. Additionally, UW proffers a

probate filing signed by Singh reflecting that her husband died as "a resident of Snohomish County, Washington." (Berntsen Decl. Ex. M ¶ 1.) The record shows that Dr. Singh was a citizen of Washington when he died, and so the Court finds that his estate is considered a Washington resident for purposes of diversity jurisdiction.

Lastly, Singh argues that removal was properly made under 28 U.S.C. § 1335, an interpleader statute which requires only minimal diversity. The Court disagrees. Singh's notice of removal only purports to remove the action "pursuant to 28 U.S.C §§ 1332, 1441, and 1446." (Dkt. No. 1 at 1.) Nor did Singh request to amend her notice of removal to include § 1335. See, e.g., Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 317 (9th Cir. 1969) (discussing amendment of a removal petition under 28 U.S.C. § 1653.)  But even if the Court were to construe Singh's Opposition as an amendment of the notice of removal, it would be untimely. See O'Halloran v. Univ. of Washington, 856 F.2d 1375, 1381 (9th Cir. 1988) (a notice of removal "cannot be amended to add a separate basis for removal jurisdiction after the thirty day period."). This is an alternative and independent basis on which the Court GRANTS the Motion.

**4.      Forum Defendant Rule**

UW next argues that removal violates the "forum defendant rule" because the case involves Washington defendants who were properly joined and served by UW. The Court agrees.

The "forum defendant rule" is codified in 28 U.S.C. § 1441. ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); see also Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006) ("§1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state.") The rule "reflects the belief that

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 7

1  [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court
2  prejudice against the defendants if one or more of them is from the forum state." Erwin
3  Chemerinsky, Federal Jurisdiction § 5.5, at 396 (8th ed. 2021).
4      Here, it is not in dispute that the Washington co-defendants were joined and served with
5  the Complaint prior to Singh's removal. Therefore, the removal was improper. Singh argues the
6  forum defendant rule does not apply to removals under § 1335. But, as discussed above, Singh
7  cannot amend her notice of removal to add a separate basis of removal under § 1335. Under her
8  originally-stated basis for removal—diversity jurisdiction—the forum defendant rule applies and
9  is independent grounds for remand. This is an alternative and independent basis on which the
10 Court GRANTS the Motion.

**5.    Attorney Fees**

12 T/F, who filed joining briefs in support of UW's motion to remand, seeks its costs and
13 fees incurred as a result of the removal. See 28 U.S.C. § 1447(c) ("An order remanding the case
14 may require payment of just costs and any actual expenses, including attorney fees, incurred as a
15 result of the removal."). Discretionary awards under 28 U.S.C. § 1447(c) are designed to be
16 remedial rather than punitive. See Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 447
17 (9th Cir. 1992) (affirming the district court's findings that a fee award under § 1447(c) is "simply
18 reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted.").
19     The Court declines to award T/F its fees incurred as a result of the removal. UW, the
20 movant, provided comprehensive argument on the remand issue; T/F's joinder was not a
21 necessary expenditure that requires reimbursement. If the Court was so inclined to award fees
22 upon remand, they would be awarded to UW, however UW has prudently "cho[sen] not to

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 8

pursue fees and costs at this time in the interest of avoiding further litigation with Singh." (Mot. at 10.)

**B.     Motion to Stay**

Having concluded that it lacks subject-matter jurisdiction, the Court DENIES Singh's Motion to Stay as MOOT.

**C.     Order to Show Cause**

As part of the now-denied Motion to Stay, Attorney Deola LeBron of Lebron Law Group, PLLC, Singh's counsel of record, asserts that "Courts have routinely granted stays under similar circumstances." (Dkt. No. 20 at 5.) Attorney LeBron then cites the two following examples:

> NW. Coal. for Alts. to Pesticides v. EPA, No. C11-1841JLR, 2012 WL 2343279, at *2 (W.D. Wash. June 20, 2012) (staying proceedings pending outcome of related state court action to avoid "wast[ing] time and resources" on issues that may become moot); Haw. Elec. Indus. Ret. Plan v. Arch Ins. Co., No. CIV. 15-00374, 2015 WL 8015761, at *2 (D. Haw. Dec. 4, 2015) (granting stay where [a] related state court action would "aid in the resolution of the issues before [the federal] court").

(Dkt. No. 20 at 5–6.)

The first case citation is incorrect and includes a misstatement of the law. As correctly cited and summarized, in Nw. Coal. for Alternatives to Pesticides v. U.S. E.P.A., No. C10-1919Z, 2012 WL 2343279, at *5–6 (W.D. Wash. June 20, 2012), the court denied an intervenor defendant's motion to stay after finding that the defendant's likelihood of success on the merits of their separate appeal was "conclusory and unsupported by authority."

The Court is more concerned, however, with the second case. As far as the Court can tell, "Haw. Elec. Indus. Ret. Plan v. Arch Ins. Co., No. CIV. 15-00374, 2015 WL 8015761, at *2 (D. Haw. Dec. 4, 2015)," does not exist. The record reflects that Attorney LeBron was aware of this mistake, (see Dkt. No. 25 Ex. A; Dkt. No. 28, Ex. 3,) but did not attempt to correct the error until

after UW had filed its response bringing the discrepancy to the attention of the Court, (Dkt. No. 24). And the Court finds it strains credulity that the originally proffered case could have been mistaken for the "substitute" case. (See Dkt. No. 26 (substituting In re Hawaii State Asbestos Cases, No. CIV. 11-00400 LEK, 2011 WL 4478502 (D. Haw. Sept. 26, 2011)).)

In light of the foregoing, the Court ORDERS that by October 28, 2024, Attorney LeBron shall SHOW CAUSE in writing why they should not be sanctioned pursuant to Fed. R. Civ. P. 11(c), 28 U.S.C. § 1927, and the inherent power of the Court. See, e.g., Park v. Kim, 91 F.4th 610, 616 (2d Cir. 2024) (citing Rule 11 obligations after learning of attorney's use of a non-existent case), United States v. Cohen, No. 18-CR-602 (JMF), 2023 WL 8635521, at *1 (S.D.N.Y. Dec. 12, 2023) (ordering attorney to show cause regarding the same), Mata v. Avianca, Inc., 678 F. Supp. 3d 443, 466 (S.D.N.Y. 2023) (sanctioning regarding same). The submission shall be no more than 2,000 words and shall provide, among other things, a thorough explanation of how Singh's motion came to miscite a case, and cite a case that does not exist. The submission must be supported by a sworn declaration from Attorney LeBron. The Court will retain limited jurisdiction over this collateral issue. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990). The Court will set a time for argument following this filing.

## CONCLUSION

Singh failed to timely remove UW's interpleader action, there is no complete diversity among the parties, and the forum defendant rule applies. For these reasons, the Court GRANTS the Motion to Remand and REMANDS this action to King County Superior Court without the imposition of fees and costs. Because the Court lacks subject matter jurisdiction over this action under 28 U.S.C. § 1332(d), Singh's Motion to Stay is DENIED as MOOT.

The Court further ORDERS Attorney Deola LeBron to SHOW CAUSE as to why they should not be sanctioned. The submission and supporting declaration are due no later than October 28, 2024.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 26, 2024.

Marsha J. Pechman
United States Senior District Judge